

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$1,688.00 in U.S. Currency,<br><br>Defendant. | CV 19–126–M–DLC<br><br>ORDER |

This matter is brought before this Court by Plaintiff United States through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 17). The Court now makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. On August 1, 2019, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the Defendant currency in the amount of $1,688.00, to forfeit property under 21 U.S.C. §§ 841 and 881(a)(6), asserting the Defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, and/or was used, or intended to

be used, to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq.* and 881(a)(6). (Doc. 1.)

2. On August 2, 2019, the U.S. Marshal Service executed the Warrant of Arrest *in Rem* (Doc. 3) that was issued by this Court on August 2, 2019, and arrested the defendant currency. (Doc. 5, USM-285.)

3. On August 2, 2019, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *In Rem* (Doc. 3) and Verified Complaint *In Rem* (Doc. 1) to Jacob Alt, via first class U.S. mail and Certified mail, to the address provided in his administrative. (*See* Doc. 7.)

4. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on August 15, 2019, and ending on September 13, 2019. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (August 15, 2019) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 9, att. 1.)

5. Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Jacob Alt, (Doc. 6) and Declaration filed in support of the motion (Doc. 7), the Clerk of District Court entered the default of Jacob Alt, on September 10, 2019, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 8.)

6. Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 10) and Declaration filed in support of the motion (Doc. 11), the Clerk of District Court entered the default of unknown potential claimants, on October 16, 2019, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12.)

7. The factual allegations set forth in paragraphs 4 through 32, of the Verified Complaint for Forfeiture *In Rem* are verified by Shawn Williams, Task Force Officer for the Drug Enforcement Administration. (Doc. 1.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

8. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem*

to forfeit the Defendant currency under 21 U.S.C. §§ 841 *et seq.* and 881(a)(6), as currency constituting monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

9. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States currency found in this district, and the acts or omissions complained of occurred in this district.

10. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

11. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the Defendant currency described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 21 U.S.C. § 841, and subject to forfeiture under 21 U.S.C. § 881(a)(6).

12. The totality of circumstances as set forth in the Verified Complaint *in Rem,* demonstrates that there is a substantial connection that the Defendant currency was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

13. Notice of this action was properly provided to known potential claimant, Jacob Alt, by providing "actual notice" by mailing the Verified Complaint *In Rem,* in accordance with Supplemental Rule G(4)(b)(v).

14. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of Jacob Alt, and any unknown claimants. (Docs. 8 and 12).

16. Pursuant to Fed. R. Civ. P. 55(b)(2) and 56(a) the United States is entitled to a judgment of default against the Defendant currency in the amount of $1,688.00, as to any claims to the defendant currency.

17. The United States is further entitled to an order of forfeiture of the Defendant currency in the amount of $1,688.00.

**IT IS THEREFORE ORDERED** that:

1. The United States is granted judgment against the Defendant currency in the amount of $1,688.00, and against any person asserting a claim to, or interest in, the Defendant currency.

2. The Defendant currency consisting of $1,688.00, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 23rd day of October, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court